UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD NEWLON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:11CV1017 ACL |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Amended Petition of Ronald Newlon for a Writ of Habeas Corpus under 28 U.S.C. § 2254. [Doc. 11] Petitioner is presently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri, pursuant to the Sentence and Judgment of the Circuit Court of the City of St. Louis, Missouri. (Respt's Ex. E at 175-76.)[1]

## **Background and Procedural History**

On March 4, 2004, Petitioner was charged with statutory sodomy in the first degree for having deviate sexual intercourse with K.M., who was five years old, between March 7, 2003 and June 17, 2003 (Count I); victim tampering for convincing K.M. to not report the statutory sodomy (Count II); and statutory sodomy in the first degree for having deviate sexual intercourse with F.H., Petitioner's six-year-old nephew, between January 1, 2003 and March 6, 2003 (Count III). (Respt's Ex. E at 16-17.) The State also alleged that Petitioner had a prior conviction from 1992 for rape and sodomy. Id. at 17.

At trial, the State called nine witnesses to testify, including the two victims. K.M. testified that Petitioner put his finger in her anus on one occasion during a period in which she, her mother,

---

[1] Respondent's exhibits labeled A-M, will be referred to herein as (Respt's Ex. A/B/C,… at __).

and her brother were living with Petitioner at his apartment. (Respt's Ex. C at 292-93.) K.M.'s mother testified that K.M. told her that Petitioner had touched her, and that Petitioner told K.M., that he would kill her brother if she told anyone. Id. at 272-73. Detective Janet McKern testified that she interviewed K.M. and that K.M. told her that Petitioner inserted his finger in her anus. Id. at 299.

F.H. denied that Petitioner had touched him. Id. at 208-09. F.H.'s mother testified that F.H. denied that Petitioner touched him. Id. at 216. F.H.'s teacher and an investigator for the Children's Division, however, testified that F.H. previously admitted that Petitioner touched his genitals. Id. at 244, 224-25. The teacher also testified that F.H.'s grandmother admitted to telling F.H. that if he repeated his allegations against Petitioner, the family would send him to an orphanage. Id. at 249.

A police officer testified that Petitioner admitted that he was sexually attracted to children and had urges to have sex with children. Id. at 336.

On May 26, 2006, Petitioner was found guilty on all counts. (Respt's Ex. C at 379.) Petitioner was sentenced to fifty years imprisonment on Count I; seven years imprisonment on Count II; and thirty years imprisonment on Count III. (Respt's Ex. E at 175-76.) The trial court ordered Petitioner's sentences to run consecutively with each other, for a total of eighty-seven years imprisonment. Id. at 176.

Petitioner raised four points in his direct appeal of his convictions. (Respt's Ex. F.) In his first point, Petitioner argued that the trial court erred and abused its discretion in overruling his motion to sever the count involving F.H. from the counts involving K.M. In his second point, Petitioner argued that the trial court erred in denying his motion for acquittal on Count III, because the evidence was insufficient to prove he had deviate sexual intercourse with F.H. In his third point, Petitioner argued that the trial court erred and abused its discretion in sustaining the State's

2

motion to prohibit Petitioner from eliciting evidence of a prior allegation of sex abuse involving K.M. and a neighbor during the cross examination of Nichol Warnak. In his final point on appeal, Petitioner argued that the trial court erred and abused its discretion in admitting the hearsay statements of both victims under Section 491.075 RSMo. The Missouri Court of Appeals for the Eastern District affirmed Petitioner's convictions on June 29, 2007. (Respt's Ex. I.)

On September 7, 2007, Petitioner filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence pursuant to Rule 29.15. (Respt's Ex. J at 3-29.) On February 27, 2008, after appointment of counsel, Petitioner filed an Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence and Request for Evidentiary Hearing. Id. at 33-46. Petitioner raised the following ineffective assistance of counsel claims: (1) trial counsel failed to strike a jury member whose son had been sexually molested as a child; and (2) trial counsel failed to object to the Prosecutor's improper comments during closing argument. Id. at 35-42. On August 26, 2009, the motion court denied Petitioner's motion and Petitioner's request for an evidentiary hearing. Id. at 47-50.

Petitioner raised the same ineffective assistance of counsel claims on appeal from the denial of post-conviction relief. (Respt's Ex. K at 13-14.) On September 28, 2010, the Missouri Court of Appeals affirmed the denial of post-conviction relief in a brief Order that was supplemented by a Memorandum sent only to the parties setting forth the reasons for its decision. (Respt's Ex. M.)

On March 1, 2011, Petitioner, pro se, filed his Amended Petition for a Writ of Habeas Corpus citing two nearly identical grounds for relief. [Doc. 11] In both grounds for relief, Petitioner argues that he received ineffective assistance of counsel, because counsel failed to call Cheryl Schmitt, Dana Patterson, Valmaresa Haynes, "Danielle," Nichol Patterson, Vonika Stanford, Drerisha Harris, F.H., Destiny Schmitt, and Deseray Schmitt to testify that the

incident involving K.M. could not have happened while others were staying at the apartment.

On August 30, 2011, Respondent filed a Response to Order to Show Cause, in which he argues that Petitioner's claims are procedurally defaulted, and fail on their merits. [Doc. 12] Petitioner has filed a Traverse, as well as various letters and other supplemental materials, in which he provides further argument in support of his Amended Petition. [Docs. 13, 14, 15, 17, 21, 22, 28]

## Discussion

### A. Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard. Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999). "[A] district court shall entertain an application for a writ of habeas corpus . . . only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Further, a federal court may not grant habeas relief unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Owens, 198 F.3d at 681 (quoting 28 U.S.C. §2254(d)(1)). Findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. §2254(e)(1). See also Gee v. Groose, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if

4

the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-413 (2000). With regard to the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413; see also Bucklew v. Luebbers, 436 F.3d 1010, 1016 (8th Cir. 2006); Rousan v. Roper, 436 F.3d 51, 956 (8th Cir. 2006). In other words, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." Williams, 529 U.S. at 411.

**B.** **Procedural Default**

To avoid defaulting on a claim, a petitioner seeking federal habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. Wemark v. Iowa, 322 F.3d 1018, 1020–21 (8th Cir. 2003) (internal quotation marks and citations omitted) (quoting Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam) and Anderson v. Groose, 106 F.3d 242, 245 (8th Cir. 1997)). Specifically, a state prisoner must fairly present each of his claims in each appropriate state court before seeking federal habeas review of the claim. Baldwin v. Reese, 541 U.S. 27, 29 (2004). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. Wemark, 322 F.3d at 1021 (internal quotation marks omitted) (quoting Joubert v. Hopkins, 75 F.3d 1232, 1240 (8th Cir. 1996)). Claims that are not fairly presented to the state courts are procedurally defaulted. See id. at 1022. Absent a

showing of cause and prejudice or a miscarriage of justice, a federal habeas court may not reach the merits of a federal constitutional claim procedurally defaulted due to a petitioner's failure to follow applicable state rules in raising the claim in state court. Sawyer v. Whitley, 505 U.S. 333, 338–39 (1992).

Missouri requires the raising of constitutional claims at the first available opportunity. See State v. Wilson, 812 S.W.2d 213, 216 (Mo. Ct. App. 1991), citing State v. Smith, 781 S.W.2d 761, 770 (Mo. banc 1989). Missouri Supreme Court Rule 29.15 "provides the exclusive procedure by which [a person convicted of a felony after a trial] may seek relief in the sentencing court for the claims enumerated." Mo. S. Ct. Rule 29.15(a). The types of claims identified in the Rule include: claims that the conviction or sentence imposed violates the constitution and laws of [Missouri] or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law. Id. A petitioner's failure to present such claims in a Rule 29.15 motion to the state court constitutes default to federal habeas review. Moore-El v. Luebbers, 446 F.3d 890, 896 (8th Cir. 2006).

Petitioner did not raise the grounds for relief cited in the Amended Petition in his state post-conviction proceedings. Petitioner alleges in his Traverse that post-conviction counsel was ineffective in failing to raise these claims in his post-conviction motion, and that his counsel's error excuses his procedural default. Petitioner cites Maples v. Thomas, 132 S.Ct. 912, 922 (2012), in support of this contention.

Attorney errors in initial-review collateral proceedings may, under limited circumstances, qualify as cause for a procedural default. See Maples, 132 S.Ct. at 922;

6

Martinez v. Ryan, 132 S.Ct. 1309, 1315 (2012). In Maples, the abandonment of the petitioner by his post-conviction counsel, without notice to the petitioner, and resulting in the petitioner's failure to file a timely appeal in the post-conviction proceeding, constituted cause for that failure. Maples, 132 S.Ct. at 922-24.

Here, there is no indication in the record that Petitioner's post-conviction counsel engaged in conduct that would be considered an abandonment of Petitioner. Rather, Petitioner's post-conviction counsel filed an amended post-conviction motion setting forth two grounds for relief, requested an evidentiary hearing, and then filed a notice of appeal and an appellate brief on behalf of Petitioner to challenge the motion court's denial of Petitioner's post-conviction motion. While Petitioner may disagree with how his attorney handled his post-conviction proceedings and the claims the attorney presented or failed to present, nothing in the record indicates that the actions taken by post-conviction counsel may be characterized as abandoning Petitioner. Thus, Maples does not support a finding of "cause" to excuse Petitioner's procedural default.

Additionally, Martinez does not support a finding of "cause" here. In that case, the Supreme Court held that "when a State requires a prisoner to raise an ineffective assistance of trial counsel claim in a collateral proceeding, there are two circumstances in which "a prisoner may establish cause for a default of an ineffective assistance claim." Martinez v. Ryan, 132 S.Ct. at 1318. "The first[, which does not apply here,] is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial." Id. Petitioner's claims fall under the second circumstance identified in Martinez, which is "where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington, 466 U.S.

7

668 (1984)." Id. Not only must Petitioner show his trial counsel was ineffective, he "must also demonstrate that the underlying ineffective assistance of trial counsel claim is a *substantial one*, which is to say that the prisoner must demonstrate that the claim *has some merit*. Martinez, 132 S. Ct. at 1318 (emphasis added). Here, Petitioner is unable to satisfy the requirements of Martinez, because the underlying ineffective assistance claims are not "substantial" nor do they have "some merit."

An ineffective assistance of counsel claim lacks merit if a petitioner is unable to establish either deficient performance by the attorney or prejudice resulting from the attorney's allegedly deficient performance, both of which are required under Strickland. See Siers v. Weber, 259 F.3d 969, 974 (8th Cir. 2001) (the habeas court does not need to inquire into the deficiency of counsel's performance if no prejudice resulted from the attorney's alleged deficiencies); Parkus v. Bowersox, 157 F.3d 1136, 1140 (8th Cir. 1998) (the habeas court does not need to address the prejudice requirement issue when the petitioner fails to demonstrate deficient performance by the attorney).

To establish deficient performance, the petitioner must show that counsel's performance fell below an objective standard of reasonableness, Strickland, 466 U.S. at 687-88, or that counsel "'made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" Greiman v. Thalacker, 181 F.3d 970, 972 (8th Cir. 1999) (quoting Strickland, 466 U.S. at 687). More specifically, a petitioner must demonstrate that "counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney." Armstrong v. Kemna, 534 F.3d 857, 863 (8th Cir. 2008) (citing Strickland, 466 U.S. at 687-89). "Only reasonable competence, the sort expected of the 'ordinary fallible lawyer,' is demanded by the

Sixth Amendment." White v. Helling, 194 F.3d 937, 941 (8th Cir. 1999) (quoting Nolan v. Armontrout, 973 F.2d 615, 618 (8th Cir. 1992)). The Court "indulg[es] a strong presumption that counsel's conduct falls within the wide range of professional judgment.'" Armstrong, 534 F.3d at 863 (quoting Middleton, 455 F.3d at 846). Importantly, an attorney cannot provide ineffective assistance by failing to pursue matters that lack merit. Dodge v. Robinson, 625 F.3d 1014, 1019 (8th Cir. 2010) ("Having found [the petitioner]'s double-jeopardy claim to be without merit, we have no difficulty deciding that his counsel's failure to raise the claim at trial could not constitute ineffective assistance"); Thomas v. United States, 951 F.2d 902, 905 (8th Cir. 1991) (per curiam) ("Counsel's failure to raise . . . meritless issues does not constitute ineffective assistance").

To establish prejudice, there must be a showing of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687-88, 694; Armstrong v. Kemna, 590 F.3d 592, 595-96 (8th Cir. 2010) (quoting McCauley-Bey v. Delo, 97 F.3d 1104, 1105 (8th Cir. 1996)). "'A reasonable probability is [a probability] sufficient to undermine confidence in the outcome.'" Armstrong, 590 F.3d at 596 (quoting McCauley-Bey, 97 F.3d at 1105); accord Carroll v. Schriro, 243 F.3d 1097, 1100 (8th Cir. 2001) (quoting Strickland, 466 U.S. at 694). The petitioner bears the burden of showing such a reasonable probability. Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992).

The question of prejudice from counsel's performance need not be reached if the performance was not deficient. See Parkus, 157 F.3d at 1140. Conversely, the question of counsel's allegedly deficient performance need not be reached if a petitioner has failed to show prejudice. See Strickland, 466 U.S. at 697; Siers, 259 F.3d at 974.

9

Petitioner argues that he received ineffective assistance of counsel, because counsel failed to call the following allegedly exculpatory witnesses: Cheryl Schmitt, Dana Patterson, Valmaresa Haynes, "Danielle," Nichol Patterson, Vonika Stanford, Drerisha Harris, F.H., Destiny Schmitt, and Deseray Schmitt. Petitioner contends that these witnesses would testify that the incident involving K.M. could not have happened because there were other people at Petitioner's apartment all the time and no one saw the incident occur.

With regard to Nichol Patterson, Vonika Standford, Drerisha Harris, Destiny Schmitt, and Deseray Schmitt, Petitioner provides no allegations that trial counsel was aware of these witnesses or was provided their contact information. "Danielle" and Cheryl Schmitt were included in Petitioner's witness list, yet counsel did not have valid addresses for these witnesses or, with respect to "Danielle," a full name. Trial counsel was not ineffective in failing to call witnesses when counsel was not given information regarding how to contact the witnesses.

The remainder of the witnesses-Dana Patterson, Valmaresa Haynes, and F.H.-are Petitioner's victims. Respondent points out that Ms. Patterson and Ms. Haynes were the victims in another case against Petitioner in which he was convicted of exposing both of them to HIV. See State v. Newlon, 216 S.W.3d 180 (Mo. Ct. App. 2007). Trial counsel deposed both Ms. Patterson and Ms. Haynes. Ms. Patterson stated that she stayed at Petitioner's apartment approximately three nights a week. [Doc. No. 1-1 at 54.] Because Ms. Patterson was only present at the apartment half of the time, her testimony that she did not observe any abuse would not have provided a defense.

Ms. Haynes stated that she went to Petitioner's apartment daily during a thirty-day period, and that she sometimes stayed overnight. Id. at 88, 93. Ms. Haynes also indicated that Petitioner frequently slept in bed with children, including K.M. Id. at 104-05. Ms. Haynes'

10

deposition testimony reveals that not only was she not present at Petitioner's residence during the entire relevant period, but she observed Petitioner sleeping in bed with K.M. Thus, her testimony would not establish a defense for Petitioner.

Petitioner also contends that counsel should have called F.H., the other child victim, to testify that Petitioner was never alone with K.M. F.H. had testified earlier in the trial and recanted his allegations against Petitioner. The State presented evidence indicating that H.N. had threatened F.H. with being put up for adoption if he did not recant his allegations. See Respt's Ex. C at 249. The jury implicitly found that F.H.'s testimony was not credible, and convicted Petitioner of first degree statutory sodomy for having deviate sexual intercourse with F.H. Consequently, there is no reasonable probability that F.H. would have provided a credible defense to the charges involving K.M.

Further, in light of the fact that K.M. was unable to provide a specific date on which the offense occurred, it is unlikely that any of these potential witnesses could have provided a complete defense to Petitioner. At most, these witnesses could have testified that it would have been difficult for Petitioner to be alone with K.M. due to the presence of other individuals in the apartment. Thus, Petitioner is unable to demonstrate prejudice due to trial counsel's failure to call these witnesses.

Having found that the underlying ineffective assistance of trial counsel claims in the Amended Petition are not "substantial" and do not have "some merit" as required by Martinez, Petitioner has not established cause to avoid the procedural bar preventing consideration of the merits of these claims. Because no cause has been established for these claims, the undersigned will not consider whether Petitioner has demonstrated prejudice with respect to them.

C. **Actual Innocence**

Claims that have not been fairly presented to the state courts are procedurally defaulted and may not give rise to federal habeas relief unless the petitioner establishes "cause for not presenting the claim on post-conviction appeal and prejudice from the failure, or a fundamental miscarriage of justice-meaning that he is actually innocent." Storey v. Roper, 603 F.3d 507, 523-24 (8th Cir. 2010) (citing Schlup v. Delo, 513 U.S. 298, 324 (1995)).

In Schlup, the Supreme Court recognized that a habeas petitioner could present a claim of actual innocence as a "gateway" to resurrecting procedurally defaulted claims of constitutional error which occurred in the underlying trial, but "such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Schlup, 513 U.S. at 324. Petitioners asserting innocence as a gateway to defaulted claims must establish that in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id. at 327.

The Supreme Court explained in House v. Bell, 547 U.S. 518, 538 (2006), that the Schlup standard "is demanding and permits review only in the 'extraordinary' case. At the same time, though, the Schlup standard does not require absolute certainty about the petitioner's guilt or innocence." Id. (citations omitted). And more recently in McQuiggin v. Perkins, 133 S.Ct. 1924, 1931 (2013), the Supreme Court reaffirmed that "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims (here, ineffective assistance of counsel) on the merits notwithstanding the existence of a procedural bar to

12

relief." The Court further stated that it had "not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." Id.

Here, Petitioner has not shown or referred to any new evidence of his actual innocence, and, therefore, has not made a showing of actual innocence to excuse his procedural default. Under the circumstances, the undersigned may not further consider the merits of the procedurally barred ineffective assistance of trial counsel claims.

Accordingly, the Amended Petition will be denied.

**D.** **Certificate of Appealability**

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). In this case, the Petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, no Certificate of Appealability shall be issued.

**ORDER**

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 be **denied** and be **dismissed with prejudice** by separate judgment entered this date.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Petitioner be denied a Certificate of Appealability if Petitioner seeks to appeal this Judgment of Dismissal.

_____
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of September, 2014.